J. H. BLAKE, *et al.*, v. COMM'RS OF JOHNSON COUNTY.

COUNTY TREASURER; *Fees; Percentage on Redemption Moneys.* Under the laws of 1868 the county treasurer was not authorized to charge the county three per cent., or any other sum, on moneys received for the redemption of real estate sold on tax sale to individuals.

*Error from Johnson District Court.*

BLAKE was treasurer of Johnson county from July 1870 to July 1872, during which time there was paid to him as treasurer, and for the redemption of lands which had been sold for taxes, the sum of $23,099.58. Said moneys were paid by divers individuals who redeemed their individual lands, such moneys being usually called and denominated "individual redemptions." *Blake* claimed that there was due him on such redemptions a "commission" of three per centum on the aggregate amount of such redemptions, amounting to the sum of $692.87, which sum he retained in his possession as being due him from the county. The *Board of County Commissioners* denied their liability to *Blake* for said commis-

sion, and denied *Blake's* right to retain or to recover the same. An amicable action was thereupon instituted by the *Board of County Commissioners* as plaintiff, against *Blake* and the sureties on his official bond as treasurer, to recover the sum so retained. The action was tried upon an agreed statement of facts, at the August Term 1873. Judgment in favor of plaintiff for $692.87, and for costs, and the defendants bring the case here.

*A. Smith Devenney*, for plaintiffs in error.

*J. W. Green*, county-attorney, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Was a county treasurer, under the laws of 1868, entitled to receive from the county a commission of three per cent. on those redemptions commonly called "individual redemptions," that is, those cases in which the owner redeems from a tax sale to an individual? The treasurer was entitled to such fees and compensation as the law allowed, and no more. Sec. 7 of ch. 39, Gen. Stat. 479, prescribed his compensation. It reads, "The county treasurer shall be entitled to receive the following fees: For collecting taxes, * * * on moneys received other than taxes, three per cent.; * * * for certificate of redemption, .25." It is claimed under the clause quoted, that he is entitled to three per cent. on the moneys received from these individual redemptions. It is argued that when property is sold at a tax sale to an individual, the taxes are paid, the state receives its share, and the county, township, and school districts, theirs. When therefore the owner redeems, this redemption is in no sense a payment of taxes—that it is simply the removal of an incumbrance, like a mortgage held by an individual. The money therefore is "money received other than taxes," within the very letter of the statute. We cannot concur in these views. We understand the section as prescribing the commissions to be paid on moneys received by the public, and for its benefit, and not as authorizing the treasurer to charge the county three per

cent. on all moneys passing through his hands whether the public be interested in them or not. It must be borne in mind, that the question presented is, whether the *county* is chargeable with this commission; and not simply, whether the treasurer is entitled to receive it. The statute nowhere says in terms, that the county shall pay any of these fees allowed the treasurer. It says certain commission shall be paid on taxes collected, and other commission on moneys other than taxes. *Prima facie* therefore, these commissions would be charged upon the amount received, and against the party for whom they were received. Before such fees could be charged against a party who has no interest in the money received, there must be plain warrant of the statute for such charge. Ordinarily it would seem strange if A. was compelled to pay an officer for services in which B. alone was interested. And the fact that the officer is entitled to the fees, would not of itself establish A.'s liability therefor. In the case at bar, the county has no interest in the money received. It belongs exclusively to the holder of the certificates. The county received the full taxes when the sale was made, and the treasurer received from the county his commission on such taxes. Thenceforward the county had no interest in the property. It was a matter purely between the land-owner, and the holder of the certificate. The sale might ripen into a deed, or the owner might redeem. Either way, it was a question between individuals, and not one whose determination enriched the treasury of the county in the slightest degree. We think therefore that the county was not chargeable for such fees, and the judgment must be affirmed.

All the Justices concurring.